Signed: August 25, 2009



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 09-40910 TG
                                                   Chapter 13
CAROLYN ANN HALBROOK,

          Debtor.
_____/

**MEMORANDUM OF DECISION**

The above-captioned case came before the Court on August 21, 2009 for a contested confirmation hearing. Appearances were stated on the record. Having considered the issues presented by the objection to confirmation filed by Ricardo Contreras ("Contreras"), the debtor's former husband, the Court concludes that the objection has no merit and should be overruled and that the debtor's plan (the "Plan") may be confirmed.

**DISCUSSION**

The above-captioned case was filed on February 6, 2009. The Plan was filed with the petition as were the debtor's Schedules of Assets and Liabilities. Schedule E listed Contreras as a priority creditor with a right to monthly child support payments of $750 but with no pre-petition amounts unpaid. On June 2, 2009, the debtor

filed an amended Schedule F, listing Contreras as also holding a general, unsecured claim for $15,000 based on a sanction award.

On June 15, 2009, Contreras filed a proof of claim and objection to confirmation. The proof of claim asserted a claim for child support arrears in an unspecified amount and for the $15,000 sanction award, plus interest on both amounts. Attached to the proof of claim are the Findings and Order of the family law judge, filed on April 27, 2009, memorializing the sanction award.

The objection to confirmation asserted that, because the sanctions were awarded post-petition, they were not properly included in the Plan. It also asserted that the sanctions were nondischargeable support obligations. In support of this contention, Contreras cited In re Gionis, 170 B.R. 675, 682-84 (Bankr. 9th Cir. 1994), aff'd 92 F.3d 1192 (9th Cir. 1996) and In re Gibson, 103 B.R. 218, 221-22 (Bankr. 9th Cir. 1989).

Alternatively, Contreras contended that the sanction award was nondischargeable as a willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6). The objection to confirmation also asserted that there was a child support arrearage, but, as in the proof of claim, failed to specify any amount of arrearage. It contended that the child support arrearages were nondischargeable and that the interest on both the sanction award and the child support award would also be nondischargeable.

The debtor filed a response to the objection to confirmation on June 14, 2009. The debtor contended that there were no child support arrearages. Absent any specific amount of arrearages asserted by

2

Contreras, the Court will overrule Contreras's objection to confirmation to the extent it was based on this ground. This ruling is without prejudice to Contreras's right to prove such arrearages at some time in the future. Under current law, the debtor may not obtain a chapter 13 discharge unless she is current on all child support obligations at the time she applies for a discharge. See 11 U.S.C. § 1328(a). This would include any interest accrued on the support obligation.

With regard to the sanction award, the debtor explained that the sanction award was originally issued pre-petition, was based on pre-petition conduct, and was merely modified slightly in April 2009. The Findings and Order attached to Contreras's proof of claim support this contention. Therefore, the claim may be dealt with in the Plan.

The debtor disputed Contreras's contention that the sanction award was in the nature of support, asserting that they were clearly intended to be punitive. The Findings and Order also support this contention. She asserted that the two cases cited by Contreras as holding that a sanction award was in the nature of support did not stand for that proposition. The Court agrees.

In Gibson, the court was asked to determine whether the attorneys' fees incurred by the debtor's wife in their dissolution proceeding, which the debtor had been directed to pay, constituted nondischargeable support or a dischargeable claim. The court concluded that they were the latter, in that the award was not based on the wife's financial need but rather based on the debtor's obstructionism in the litigation. Gibson, 103 B.R. at 219.

3

In Gionis, enormous attorneys' fees were incurred pre-petition by both the debtor and his former spouse in a child custody battle. The state court ordered the debtor to pay his former spouse's fees so that she would have sufficient financial resources to present her case. Gionis at 679. In the debtor's subsequent bankruptcy case, the court found that the award was in the nature of support and was thus nondischargeable. In the debtor's case, the award was clearly punitive and not based on Contreras's financial need. Therefore, the sanction award constitutes a dischargeable general, unsecured claim.

The debtor's response did not address Contreras's alternative argument that the sanction award was a nondischargeable claim for willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6). However, the Court finds against Contreras on this basis as well. A determination of nondischargeability based on § 523(a)(6) must be sought by filing an adversary proceeding which must be filed within 60 days after the first date set for the meeting of creditors. See Fed. R. Bankr. Proc. 4004(c). No such adversary proceeding has been filed, and the time for doing so has expired.

**CONCLUSION**

The objection to confirmation filed by Contreras will be overruled, and the Plan may be confirmed. A claim for child support arrearages is clearly a priority claim and is nondischargeable, including any interest accrued on such amounts. However, Contreras has failed to establish that there are any such arrearages. This ruling is without prejudice to his right to prove such amounts in the future. Contreras's claim for sanctions in the amount of $15,000

4

Case: 09-40910   Doc# 26   Filed: 08/25/09   Entered: 08/27/09 12:18:16   Page 4 of 6

constitutes a pre-petition, dischargeable, general unsecured claim. It is not in the nature of support and Contreras has failed to file an adversary proceeding within the required time to establish that it constitutes a willful and malicious injury. No post-petition interest may accrue on an unsecured pre-petition dischargeable claim. See 11 U.S.C. § 502(b)(2). The debtor's counsel is directed to submit a proposed form of order confirming the Plan.

END OF DOCUMENT

```
                        COURT SERVICE LIST

Sarah Lampi Little
Law Offices of Sarah Lampi Little
1276 A St.
Hayward, CA 94541

Carolyn Ann Halbrook
4275 Pleasanton Ave.
Pleasanton, CA 94566

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004

Ricardo Contreras
1612 Ramblewood Way
Pleasanton, CA 94566f
```